UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM ROBERT LUFSKY,

Petitioner,

v.

CEO WILLIAM PEDERSEN,
St. Peter State Hospital,

Respondent.

Civil No. 00-2318 (RHK/JGL)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court concludes that Petitioner's habeas corpus petition cannot be entertained at this time, because he has not exhausted his available state court remedies. It will therefore be recommended that the application for writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

The instant petition was signed and filed by someone named Sharon Anderson, who purportedly was acting on behalf of, (or as the "next friend" of), Petitioner William Lufsky.

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED OCT 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

As far as the Court can tell, Petitioner was committed to the State Hospital in St. Peter, Minnesota, on May 7, 2000, pursuant to a state civil commitment proceeding. Sharon Anderson apparently believes that Petitioner's federal constitutional rights were somehow violated during the course of his commitment proceedings, and that he should therefore be released from custody.

The petition itself clearly indicates, however, that Petitioner has not challenged his commitment by taking a direct appeal to the Minnesota Court of Appeals. (Petition, p. (2), ¶ 8.) It further appears that Petitioner has never sought review of his commitment proceedings in a state habeas corpus action.[2] It is therefore evident that Petitioner has not exhausted his state court remedies, and that his application for federal habeas corpus relief cannot be entertained at this time.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a person in custody pursuant to state court proceedings, unless that person has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody.

---

[2] The current petition indicates that Petitioner brought an action in federal court several years ago, (identified as "97-1877 (RHK/JGL)"), (see Petition p. (3), ¶ 11), but that obviously was not a state court action pertaining to Petitioner's current (May 2000) commitment.

O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a state detainee must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process. O'Sullivan, 119 S.Ct. at 1732 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, it is readily apparent that Petitioner has not satisfied the exhaustion of state remedies requirement. First, the petition shows that Petitioner has not sought direct appellate review of his commitment proceedings in the Minnesota Court of Appeals and the Minnesota Supreme Court. In addition, if Petitioner is being involuntarily detained by persons acting under color of state law, (as his petition seems to allege), then he also should be able to seek habeas corpus relief in state court under Minn. Stat. §§ 589.01 et

seq.[3] See State ex rel. Anderson v. U.S. Veterans Hospital, 128 N.W.2d 710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures). Furthermore, a state trial court order denying a habeas corpus petition can be appealed to the Minnesota Court of Appeals; and if the Court of Appeals does not grant relief, further review can be sought in the Minnesota Supreme Court. Minn.Stat. § 589.29; Minn. R. App. P. 117.

Thus the Court concludes that there are still state court remedies available for the claims Petitioner is attempting to present here, and he therefore has not satisfied the exhaustion requirement imposed by 28 U.S.C. § 2254(b). It follows that Petitioner's current application for federal habeas corpus relief cannot be entertained at this time, and that the action should be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. It will be recommended that the petition be dismissed without prejudice, however, so that Petitioner can bring his federal constitutional claims back to federal court, if necessary, after all such claims have been fairly presented to, and decided on the merits by, the Minnesota state courts -- including the Minnesota Supreme Court.

---

[3] Minn.Stat. § 589.01 provides that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint. For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution." (Emphasis added.)

See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[4]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE.**

Dated: October 24, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by NOV. 13, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[4] If Petitioner does find it necessary to seek further relief in federal court after he has fully exhausted all of his state court remedies, he should make a concerted effort to describe his constitutional claim(s) for relief with much greater specificity and clarity. Even if the current petition could properly be entertained here, it is difficult to imagine that any relief could be granted, for the simple reason that Petitioner's claims are largely incomprehensible. Also, any future federal habeas corpus petition should be signed by Petitioner personally, unless the person signing the petition on his behalf submits proper documentation showing that he or she is legally authorized to represent Petitioner in court proceedings.